# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

TOMMY BOYDEN,
CDCR #G-08675,

                              Plaintiff,

                  vs.

LARRY SMALL, et al.,

                         Defendants.

Civil No.    09-2850 DMS (JMA)

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE [Doc. No. 2]; and**

**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A**

Tommy Boyden ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.    MOTION TO PROCEED IFP [DOC. NO. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

1  only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

2  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP

3  remains obligated to pay the entire fee in installments, regardless of whether his action is

4  ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847

5  (9th Cir. 2002).

6       Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

7  prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

8  statement (or institutional equivalent) for the prisoner for the six-month period immediately

9  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,

10 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial

11 payment of 20% of (a) the average monthly deposits in the account for the past six months, or

12 (b) the average monthly balance in the account for the past six months, whichever is greater,

13 unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The

14 institution having custody of the prisoner must collect subsequent payments, assessed at 20%

15 of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

16 forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C.

17 § 1915(b)(2).

18      The Court finds that Plaintiff has submitted a certified copy of his trust account statement

19 pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.   *Andrews*, 398 F.3d at 1119.

20 Plaintiff's  trust account statement shows he has insufficient funds with which to pay any initial

21 partial filing fee.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

22 prohibited from bringing a civil action or appealing a civil action or criminal judgment for the

23 reason that the prisoner has no assets and no means by which to pay [an] initial partial filing

24 fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"

25 preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack

26 of funds available.").

27 / / /

28 / / /

1    Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2], and

2    assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350

3    balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

4    pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

5    **II.    SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)**

6    A complaint filed by any person proceeding in forma pauperis is subject to sua sponte

7    dismissal to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may

8    be granted, or seek[s] monetary relief from a defendant immune from such relief."  28 U.S.C.

9    § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that

10   "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203

11   F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a

12   district court to dismiss an in forma pauperis complaint that fails to state a claim.").

13   "[W]hen determining whether a complaint states a claim, a court must accept as true all

14   allegations of material fact and must construe those facts in the light most favorable to the

15   plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

16   152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

17   Civil Procedure 12(b)(6).").  However, while liberal construction is "particularly important in

18   civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not

19   "supply essential elements of the claim that were not initially pled."  *Ivey v. Board of Regents*

20   *of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  The district court should grant

21   leave to amend, however, unless it determines that "the pleading could not possibly be cured by

22   the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

23   defect."  *Lopez*, 203 F.3d at 1130-31

24   Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

25   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

26   the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

27   United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

28

*other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff's Complaint is far from clear but it appears as though he is alleging that prison officials have determined that he is required to register as a sex offender pursuant to the California Penal Code in violation of his Fourteenth Amendment due process rights.  (*See* Compl. at 3.)   The procedural guarantees of due process apply only when a constitutionally-protected liberty or property interest is at stake.  *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995).  Liberty interests can arise from the Constitution or may be created by state law or regulations.  *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-27 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974); *Smith v. Sumner*, 994 F.2d 1401, 1405-06 (9th Cir. 1993).  Plaintiff cannot claim any constitutional right to a particular prison classification arising directly from the Fourteenth Amendment.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

In *Sandin v. Conner*, 515 U.S. 472 (1995) the Supreme Court "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardship caused by the prison's challenged action relative to the 'basic conditions' of life as a prisoner."  *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) (citing *Sandin*, 515 U.S. at 484); *McQuillion v. Duncan*, 306 F.3d 895, 902-03 (9th Cir. 2002) (noting that *Sandin* abandons the mandatory/permissive language analysis courts traditionally looked to when determining whether a state prison regulation created a liberty interest requiring due process protection).

Thus, after *Sandin*, a state-created liberty interest under the Due Process Clause of the Fourteenth Amendment arises only if the prisoner alleges facts which show a change in his confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  The *Sandin* test requires a case-by-case examination of both the conditions of the prisoner's confinement and the duration of the deprivation at issue.  *Sandin*,

515 U.S. at 486.  In short, Plaintiff must allege facts to show "a dramatic departure from the basic conditions" of his confinement before he can state a procedural due process claim.  *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

The Ninth Circuit has applied *Sandin's* procedural due process analysis to a claim similar to Plaintiff's.  In *Neal*, the Court considered a due process challenge to Hawai'i's Sex Offender Treatment Program ("SOTP"), which labeled all persons in state custody convicted of specified sex crimes as "sex offenders" and compelled their participation in a psychoeducational treatment program as a pre-requisite to parole eligibility.  *Neal*, 131 F.3d at 821-22.  Applying *Sandin*, the district court concluded that the "labeling of [Neal] as a sex offender and any resultant impact on [his] custody level or eligibility for parole . . . [did] not impose 'atypical and significant' hardship" upon him.  *Neal*, 131 F.3d at 828.  The Ninth Circuit disagreed, however, finding that the "stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."  *Id.* at 830 (emphasis added).  Here, however, Plaintiff alleges no facts as to the consequences he faces as a result of being required to register as a sex offender and unlike *Neal*, he has not alleged that he was forced to participate in a treatment program.

Thus, the Court finds that Plaintiff has failed to state a Fourteenth Amendment due process claim upon which relief can be granted.

To the extent that Plaintiff chooses to file an Amended Complaint, the Court cautions Plaintiff that his entire action may be subject to dismissal on the grounds that he concedes he failed to exhaust his administrative remedies prior to bringing this action. (*See* Compl. at 6.)

The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002).  "The

'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered through administrative procedures." *Id.* at 741.   Moreover, the Supreme Court held in *Woodford v. Ngo*, 541 U.S. 81, 83-84 (2006) that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).  The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198; *see also Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to *suit*.") (emphasis original).  Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement.  Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

/ / /

**III.    CONCLUSION AND ORDER**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5] is **GRANTED**.

2.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

/ / /

/ / /

/ / /

1         5.       The Clerk of the Court is directed to mail a Court approved form § 1983 complaint

2  to Plaintiff.

3         **IT IS SO ORDERED.**

4

5  DATED:  January 27, 2010

6

7  HON. DANA M. SABRAW
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28