# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY BOYDEN,<br>CDCR #G-08675,<br><br>                    Plaintiff,<br><br>vs.<br><br>LARRY SMALL, et al.,<br><br>                    Defendants. | Civil No.   09-2850 DMS (JMA)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) & 1915A** |

## I.

### PROCEDURAL HISTORY

On December 18, 2009, Tommy Boyden ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison located in Imperial, California, proceeding pro se, filed a civil rights action filed pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

On January 27, 2010, this Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim. *See* Jan. 27, 2010 Order at 7-8. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* Plaintiff then sought an extension of time

to file an Amended Complaint which was also granted by the Court. On June 11, 2010, Plaintiff filed his First Amended Complaint ("FAC"). However, the Court, once again, found that Plaintiff's First Amended Complaint failed to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. *See* July 12, 2010 Order at 4-5. Plaintiff was granted leave to file another Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* Plaintiff then sought, and received, two additional extensions of time to file his Second Amended Complaint. On January 24, 2011, Plaintiff filed his Second Amended Complaint ("SAC").

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31.

///

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Here, as he did in his previous pleadings, Plaintiff alleges that his Fourteenth Amendment due process rights were violated when prison officials placed an "R" suffix designation on his record. The procedural guarantees of due process apply only when a constitutionally-protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995). Liberty interests can arise from the Constitution or may be created by state law or regulations. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-27 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974); *Smith v. Sumner*, 994 F.2d 1401, 1405-06 (9th Cir. 1993). Plaintiff cannot claim any constitutional right to a particular prison classification arising directly from the Fourteenth Amendment. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

In *Sandin v. Conner*, 515 U.S. 472 (1995) the Supreme Court "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardship caused by the prison's challenged action relative to the 'basic conditions' of life as a prisoner." *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) (citing *Sandin*, 515 U.S. at 484); *McQuillion v. Duncan*, 306 F.3d 895, 902-03 (9th Cir. 2002) (noting that *Sandin* abandons the mandatory/permissive language analysis courts traditionally looked to when determining whether a state prison regulation created a liberty interest requiring due process protection).

Thus, after *Sandin*, a state-created liberty interest under the Due Process Clause of the Fourteenth Amendment arises only if the prisoner alleges facts which show a change in his confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary

1  incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d
2  818, 827-28 (9th Cir. 1997). The *Sandin* test requires a case-by-case examination of both the
3  conditions of the prisoner's confinement and the duration of the deprivation at issue. *Sandin*,
4  515 U.S. at 486. In short, Plaintiff must allege facts to show "a dramatic departure from the
5  basic conditions" of his confinement before he can state a procedural due process claim. *Id.* at
6  485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318
7  (9th Cir. 1998).

8  The Ninth Circuit has applied *Sandin's* procedural due process analysis to a claim similar
9  to Plaintiff's. In *Neal*, the Court considered a due process challenge to Hawai'i's Sex Offender
10 Treatment Program ("SOTP"), which labeled all persons in state custody convicted of specified
11 sex crimes as "sex offenders" and compelled their participation in a psychoeducational treatment
12 program as a pre-requisite to parole eligibility. *Neal*, 131 F.3d at 821-22. Applying *Sandin*, the
13 district court concluded that the "labeling of [Neal] as a sex offender and any resultant impact
14 on [his] custody level or eligibility for parole . . . [did] not impose 'atypical and significant'
15 hardship" upon him. *Neal*, 131 F.3d at 828. The Ninth Circuit disagreed, however, finding that
16 the "stigmatizing consequences of the attachment of the 'sex offender' label coupled with the
17 subjection of the targeted inmate to a mandatory treatment program whose successful completion
18 is a precondition for parole eligibility create the kind of deprivations of liberty that require
19 procedural protections." *Id.* at 830 (emphasis added).

20 Here, Plaintiff alleges no facts to show that he was subjected to "atypical and significant
21 hardship" with respect to the "R suffix." In *Neal*, the plaintiff was required to undergo mandated
22 treatment. Plaintiff alleges no such facts here. Plaintiff's only facts relating to "atypical and
23 significant hardship" is that he has been "denied the transfer of my choice, refused institutional
24 job and the fear of other prisoners." (*See* SAC at 5.) None of these facts are either atypical or
25 significant in the prison setting. No prisoner has a constitutional right to be housed at a
26 particular institution of their choosing or to receive a particular security classification. *See Olim*
27 *v. Wakinekona,* 461 U.S. 238, 244-50 (1983). Likewise, prisoners do not have a constitutional
28 right to have a job while in prison. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th.

Cir. 1986) (inmates have no constitutional right to participate in prison work programs). Based on the facts alleged, the Court finds that Plaintiff has failed to state a Fourteenth Amendment due process claim upon which relief can be granted.

### III.
### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint [Doc. No. 18] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Because Plaintiff has been provided three opportunities, but still has failed to sufficiently state a claim, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: February 3, 2011

HON. DANA M. SABRAW
United States District Judge